UNITED STATES of America,

v.

Jose FERNANDEZ, Defendant.

Nos. 90 Cr. 584 (CSH), 96 Civ. 1072 (CSH).

United States District Court, S.D. New York.

Feb. 3, 1997.

Mary Jo White, United States Attorney for the Southern District of New York, New York City, Andrew B. Lachow, Assistant United States Attorney, of Counsel, for U.S.

Jose Fernandez, pro se.

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

This matter is currently before the Court on Jose Fernandez's *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), or in the alternative to vacate his sentence pursuant to 28 U.S.C. § 2255. Because I conclude that Fernandez has not shown grounds for relief under either statute, his motion is denied.

In 1990, a grand jury returned a four-count indictment against Fernandez and two co-defendants. Count One charged the defendants with conspiring to distribute one kilogram of crack. Count Two charged the defendants with possession with intent to distribute that same kilogram of crack within 1000 feet of a school.[1] Count Three charged the defendants with possession with intent to distribute approximately 30 grams of crack and 1000 grams of cocaine within 1000 feet of a school.[2] Count Four charged the defendants with using and carrying a firearm during and in relation to a drug trafficking crime. On December 19, 1990, following a jury trial, Fernandez and his co-defendants were convicted of Counts One, Two and Three, and acquitted on Count Four.

The base offense level for Counts One, Two and Three, level 36, was determined by the specific quantity of drugs listed in each count, pursuant to the Drug Quantity Table in § 2D1.1(c). All three counts were then enhanced two levels for possession of a firearm pursuant to § 2D1.1(b)(1), and Counts Two and Three were enhanced an additional two levels pursuant to § 2D1.2(a)(1), since those counts involved a protected location. As a result, the adjusted offense level for Count One was level 38, and the adjusted offense level for Counts Two and Three was level 40. The counts were then grouped pursuant to § 3D1.2(b), and pursuant to § 3D1.3 the highest offense level in the group was · used for sentencing purposes. Accordingly, Fernandez was sentenced using an adjusted offense level of 40 and a criminal history category of II, resulting in a prison term of 324 months, the minimum sentence under the applicable Guideline range.

This Court's judgment was affirmed on appeal and Fernandez's subsequent petition for a writ of habeas corpus was denied. In

---

**1.** Counts One and Two were based on a drug transaction between the defendants and a government informant.

**2.** Count Three of the indictment was based on drugs that were found during a post-arrest search of an apartment leased by Fernandez.

his latest motion, Fernandez makes two arguments. First, Fernandez argues that his offense level should be reduced from 41[3] to 38 pursuant to a recent amendment to the Sentencing Guidelines. Second, Fernandez asserts that "relevant conduct" was considered in arriving at his sentence, in violation of a recent amendment to the Sentencing Guidelines and "new constitutional standards." As discussed below, neither claim has merit.

**Amendment to the Drug Quantity Table**

■ Amendment 505 to the Sentencing Guidelines, which became effective November 1, 1994, reduced the upper limit of the Drug Quantity Table in § 2D1.1(c) to a base offense level of 38, rather than 42. On the basis of this amendment, Fernandez asserts that he is entitled to have his offense level reduced accordingly from level 40 to level 38. Although this amendment was made retroactive by § 1B1.10, it does not require a reduction in Fernandez's sentence.

The Drug Quantity Table found in § 2D1.1(c) refers exclusively to *base* offense levels. Only individuals who were subject to a base offense level above 38 are eligible to have their base offense level reduced pursuant to the retroactive application of Amendment 505. Although Fernandez's final offense level was 40, his *base* offense level was only 36. Accordingly, Fernandez's first ground for the modification of his sentence is without merit. *See United States v. Hanna,* 1996 WL 204501 (E.D.N.Y.1996).

**Relevant Conduct**

In his second argument, Fernandez contends that "relevant conduct" was inappropriately considered in arriving at his sentence. Fernandez asserts this argument pursuant to 18 U.S.C. § 3582(c)(2), arguing that a recent amendment to § 1B1.3 should apply to his case. In the alternative, Fernandez makes this argument regarding relevant conduct pursuant to 28 U.S.C. § 2255, asserting that this Court failed to find the relevant conduct considered during sentencing under a preponderance of the evidence standard, in violation of "new constitutional

standards" established in *Witte v. United States,* —— U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) and *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

1. *Amendment 439 and Relevant Conduct under § 1B1.3*

■ Under 18 U.S.C. § 3582(c)(2) a court can reduce a defendant's sentence pursuant to a subsequently enacted amendment to the Sentencing Guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." To meet this standard and qualify for retroactive application, an amendment must be listed in § 1B1.10(c). U.S.S.G. § 1B1.10, Application Note 1. Conversely, amendments not listed in § 1B1.10(c) may not be applied retroactively. *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir.), *cert. denied,* 510 U.S. 918, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993); *United States v. Rodriguez,* 989 F.2d 583, 587–88 (2d Cir.1993); *Lobuglio v. United States,* 1996 WL 103842, * 2 (S.D.N.Y.1996).

In his motion to modify his sentence under 18 U.S.C. § 3582(c)(2), Fernandez appears to rely on Amendment 439, which narrowed the definition of "relevant conduct" in § 1B1.3 and became effective after Fernandez was sentenced. However, Amendment 439 is not listed as a qualifying amendment in § 1B1.10(c) and therefore cannot be applied retroactively to reduce Fernandez's sentence. *See Lobuglio,* 1996 WL 103842 at *2; *United States v. Duran–Peralta,* 1995 WL 43667, *1 (S.D.N.Y.1995); *United States v. Charria,* 1994 WL 529911 (S.D.N.Y.1994); *Sanchez v. United States,* 1993 WL 267310, * 3 (S.D.N.Y.1993).

■ Even if Amendment 439 could be applied to Fernandez's case, it would have no effect on his sentence. Although Fernandez does not describe the "relevant conduct" he objects to in his motion, only two possible grounds for his claim appear on the record: first, the consideration of drugs found during a post-arrest search of an apartment leased by Fernandez when calculating his sentence;

---

**3.** Although Fernandez asserts in his motion that he was sentenced using an offense level of 41, he was actually sentenced using an offense level of 40.

and, second, the application of a two-level enhancement to Fernandez's offense level based on the discovery of a loaded firearm in that same apartment. However, neither factor is affected by a change in the definition of "relevant conduct" pursuant to Amendment 439.

The drugs found in the apartment leased to Fernandez formed the basis for Count Three of the indictment. Since Fernandez and his co-defendants were convicted on this Count, the jury found beyond a reasonable doubt that Fernandez was criminally responsible for these drugs. As a result, these drugs were not considered as relevant conduct in calculating Fernandez's sentence, but rather as the substantive conduct underlying the offense. See U.S.S.G. § 2D1.1(a) and (c). Accordingly, only drugs directly involved in the charged offenses were considered in calculating Fernandez's sentence. Since "relevant conduct" was never a factor in determining the quantity of drugs applicable to Fernandez, Amendment 439 has no effect on his sentence.

Similarly, Amendment 439 has no effect on the application of the gun enhancement to Fernandez's offense level. In the case of jointly undertaken criminal activity, Amendment 439 altered the definition of "relevant conduct" so that a defendant can only be held accountable for reasonably foreseeable acts taken in furtherance of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3(a)(1)(B). In denying Fernandez's direct appeal, the Court of Appeals determined that:

> The evidence established that the gun was loaded and present in the closet at the time of the drug transaction; the transaction took place right outside the apartment (the gun, therefore, was readily accessible); and the apartment was being used to store the narcotics.

*United States v. Fernandez,* No. 91–1165 (2d Cir.1991). Considering that the evidence also showed that Fernandez leased this apartment, was found with the keys to the apartment when he was arrested, and was actively involved in the drug sale to a government informant, I conclude that the presence of a loaded weapon in connection with these drug offenses was "reasonably foreseeable" to Fernandez. Accordingly, Fernandez's sentence would not be reduced on this basis, even if Amendment 439 was applied to his case retroactively.

2. *Relevant Conduct under "New Constitutional Standards"*

■ Alternatively, Fernandez argues that his sentence should be vacated pursuant to § 2255 since it violates "new constitutional standards" established in *Witte v. United States,* —— U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) and *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1985). However, the Supreme Court's decision in *Witte* is wholly inapplicable to the present case. See —— U.S. at ——, 115 S.Ct. at 2209 (holding that relevant conduct can be considered in sentencing and form the basis for a subsequent prosecution without violating the Double Jeopardy Clause). Although *McMillan* may have some application to Fernandez's motion under § 2255, see 477 U.S. at 91, 106 S.Ct. at 2418–19 (holding that facts considered in sentencing need only be proved by a preponderance of the evidence), the case was decided six years prior to Fernandez's sentencing. Accordingly, Fernandez cannot rely on any constitutional principles articulated in *McMillan* as "new" standards for the purpose of his second petition under § 2255.

■ Despite his erroneous citation of these cases, Fernandez appears to be arguing that relevant conduct was considered in arriving at his sentence, although such conduct was not proved by a preponderance of the evidence. However, as discussed above, relevant conduct, as that term is defined in § 1B1.3, was not considered in arriving at Fernandez's sentence. In addition, to the extent that the application of the § 2D1.1 enhancement required a determination of relevant conduct, that determination was clearly supported by a preponderance of the evidence.[4] See *United States v. Fernandez,* No.

---

**4.** Citing *United States v. Kikumura,* 918 F.2d 1084 (3d Cir.1990), Fernandez also suggests that

a "clear and convincing evidence" standard should be satisfied before any relevant conduct is

91–1165 (2d Cir.1991). Accordingly, there is no basis for Fernandez's argument that relevant conduct not supported by a preponderance of the evidence was considered by the Court in arriving at his sentence.[5]

In sum, the arguments presented in Fernandez's motion are meritless and he is not entitled to relief under either 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255. The Clerk of the Court is directed to dismiss his petition with prejudice.

It is SO ORDERED.

considered in his sentencing. This case is inapposite for two reasons: first, the type of relevant conduct considered in that case was not considered in arriving at Fernandez's sentence; and, second, even if such conduct was considered, there was no departure of the magnitude of the departure in *Kikumura*.

5. Fernandez also asserts that he did not have the opportunity to rebut facts considered by the Court during sentencing, and that the failure of his counsel to assert his right to rebut resulted in the ineffective assistance of counsel. Both these assertions are meritless since Fernandez did have an opportunity to object to the Pre–Sentence Report prior to sentencing and his counsel actually raised several objections. *See* Sentencing Trans., April 8, 1991.